ALICE A. HALL v. MICHAEL J. MORIARTY.

*Replevin for goods taken on execution—Transfer in fraud of creditors.*

1. In replevin against a city treasurer for property levied upon to satisfy a tax assessed against plaintiff's husband, it was proper for plaintiff, after proving its execution, to introduce the bill of sale by which her husband had transferred the property to her. It was also proper for her to show, as bearing upon the good faith of the transfer, that she had insured the property and had used it as her own.

2. Where a man against whom a heavy award had been made, transferred property to his wife, and in a case involving his title to it was cross-

examined as to his indebtedness and transfers, a question, upon re-examination, as to whether he "was at all alarmed about that matter"—meaning the award,—was permissible.

3. A transfer of property in fraud of creditors is not open to attack by any other creditors than those whom the debtor meant to avoid.

Error to Muskegon.   (Russell, J.)   May 13.—June 17·

REPLEVIN.   Defendant brings error.   Affirmed.

*F. W. Cook* (*Cook, DeLong & Fellows*) for appellant. How. Stat. § 6203 avoids every conveyance made to defraud creditors: this statute is general and applies to not only present but future creditors as well, and it does not in any sense limit the application of the fraudulent intent to any particular creditor:   *Herschfeldt v. George* 6 Mich. 456; *Bagg v. Jerome* 7 Mich. 157; *Gay v. Bidwell* 7 Mich. 523–4; *Nelson v. Ferris* 30 Mich. 497; *Fearey v. Cummings* 41 Mich. 383; *King v. Hubbell* 42 Mich. 600; and the conveyance will be held void, no matter what the intent, if the effect of the conveyance is to delay, hinder or defraud creditors: *Buck v. Sherman* 2 Doug. (Mich.) 176; *Oliver v. Eaton* 7 Mich. 113; *Fellows v. Smith* 40 Mich. 691.

*Smith, Nims, Hoyt & Erwin* for appellee.

CHAMPLIN, J.   This is an action of replevin, brought by the plaintiff on the tenth day of January, 1884, to recover certain household furniture, a family carriage, and other property claimed to belong to plaintiff.   The plea was the general issue, without notice of special matter.

The plaintiff and her husband, Stephen C. Hall, were, at the time of bringing suit, and had been for years prior thereto, residents of the Second ward of the city of Muskegon, Michigan.   On said date, the city treasurer, the defendant in this suit, went to the house of the plaintiff and levied on the property named in the writ herein, to satisfy a tax assessed against Stephen C. Hall, her husband.   The assessment for which the tax was attempted to be levied, was upon certain vessel property supposed to be owned by Mr. Hall at the time the assessment was made.   The assessment was as follows:

| | DESCRIPTION. | Valuation. | Total Tax. |
|---|---|---|---|
| S. C. Hall, Personal. | Three-fourths of Steam-barge S. C. Hall Three fourths schooner "Telegraph," assessed by supervisor, . . . . | $15,000 3,000 | $490 50 98 10 |
| | Grand total tax, . . . . . . . . | . . . | $588 60 |

The plaintiff claimed that she was the owner of the household furniture and other property levied on by the treasurer, and that her property could not be taken to satisfy an assessment against her husband. (It was shown during the trial that the taxes assessed against this household furniture and other property levied upon by the treasurer had been paid before this levy.) The plaintiff claimed that all the property levied upon became hers in July, 1883, and remained hers up to the time of the levy, and was hers at the time of the trial.

The defendant claimed on the trial that the property in question was the property of Stephen C. Hall, and that, therefore, it was subject to be levied upon to satisfy taxes levied and assessed against him, and he sought to establish his claim by evidence tending to show that, the transfer and conveyance of the property made on the 9th day of July, 1883, was made by Hall to his wife with intent to defeat, delay and defraud his then and future creditors. His theory of the case, and his testimony in support thereof, were submitted to the jury, and they found a verdict against such theory, and the judgment must be affirmed, unless there is some error apparent in the record upon the admission of testimony or in the charge of the court.

The following are the errors assigned:

*First.* In the overruling by the court of the defendant's objection to introduce in evidence the bill of sale dated July 9, 1883, from Stephen C. Hall to the plaintiff.

*Second.* In that the court overruled the objection, and allowed the witness Stephen C. Hall to answer the following question asked him by the plaintiff's attorney: " *Question.*

He speaks of an award that had been rendered in an arbitra-
tion in Chicago, and which you say was some forty-six thous-
and dollars. I will ask you if you were at all alarmed about
that matter?"

*Third.* The court erred in overruling the defendant's
objection to the reception in evidence, as offered by the
plaintiff, of the two insurance policies, as testified about by
Samuel H. Stevens.

*Fourth.* And that the court erred in overruling the defend-
ant's motion to strike the evidence with reference to the
insurance and insurance policies from the record.

*Fifth.* In that the court erred in charging the jury on his
own motion, immediately after giving the defendant's request
to charge, and in relation to the said request, as follows:
" Technically, that's true; but in order to have that defeat
this transfer it will be necessary for you to find that this
transfer was made for the purpose of defeating this creditor,
—that is, to defeat the collection of the tax,—or this party
has no right to complain."

The execution of the bill of sale under which the plaintiff
claimed title to the property was proved by the witness Hall,
who executed it, without objection on the trial. Plaintiff's
counsel then offered it in evidence, and the defendant
objected to it as incompetent. The court overruled the
objection and defendant excepted. No reason was stated at
the trial why it was incompetent, and none is given upon the
argument.

The second assignment of error is without merit. The
defendant had attempted to show that a large award had
been made against Hall in Chicago, and that he had imme-
diately thereafter disposed of the greater part of his prop-
erty, including this in question, and had interrogated Hall
quite at length concerning his indebtedness and transfers,
and the question was asked the witness on re-examination.
The question was proper as bearing upon the intent sought
to be implied from the transaction. On the same day the
bill of sale was executed, the property transferred thereby
was insured by plaintiff in her own name, and she introduced

that fact in evidence against the defendant's objection. Considering the issue made by the defendant's claim, there was nothing objectionable in showing the circumstances attending the transfer. It was offered, doubtless, as some evidence bearing upon the good faith of the transfer. Evidence showing that after the purchase she used the property as her own, was proper under the issue raised.

The only remaining error assigned relates to the charge of the court, which was given in the following language: "Defendant asks the court to charge the jury that 'the transfer of the property levied upon by the defendant, in order to vest the title of the property in the plaintiff, so as to defeat the collection of this tax, must have been made in good faith, and without intent to defraud the creditors of Stephen C. Hall.' I would have given you that instruction, gentlemen of the jury, and technically that is true; but in order to have that defeat this transfer it will be necessary for you to find that this transfer was made for the purpose of defeating this creditor,—that is, to defeat the collection of the tax,—or this party has no right to complain." The charge was correct, and was based upon the defendant's theory, and the only theory upon which, if he had any right at all to attack the transfer, he could do so.

As the verdict went for the plaintiff, it is not necessary to discuss the right of defendant to attack the conveyance upon the ground stated by him.

The judgment is affirmed.

SHERWOOD and CAMPBELL, JJ. concurred. COOLEY, C. J. did not sit.